UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY M.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C24-5782-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating medical and lay witness evidence and Plaintiff's testimony and, as a result, in formulating the residual functional capacity ("RFC"). (Dkt. # 10.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 14.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1982, has a high school education, and has worked as a tractor trailer truck driver and office helper. AR at 39, 83. Plaintiff was last gainfully employed on June 17, 2019. *Id.* at 19. In February 2020, Plaintiff applied for benefits, alleging disability as of February 4, 2017, amended to June 18, 2019. AR at 17; *see id.* at 19, 24, 55; dkt. # 10 at 1 n. 1. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 17. After the ALJ conducted a hearing on August 10, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-101.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had the severe impairments of obesity, degenerative disc disease, right shoulder abnormality, bicep tenodesis, dorsalgia, lumbosacral sprain and strain, depression, adjustment disorder, and major depressive disorder. AR at 20. He could perform light work with occasional climbing, stooping, crawling, and reaching with the right arm. *Id.* at 22. He could follow simple or semi-complex instructions and adapt to occasional changes. *Id.* Although he could not perform his past relevant work, he could perform jobs available in significant numbers in the national economy and thus was not disabled. *Id.* at 39.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.  DISCUSSION

### A.  The ALJ Did Not Err in Evaluating Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.  Richard Faiola, M.D.

After Plaintiff was injured on the job in February 2017, Dr. Faiola issued several Activity Prescription Forms for the Department of Labor and Industries ("L&I"). Plaintiff challenges the

ALJ's rejection of Dr. Faiola's October 2019 and May 2020 forms, which opined a poor prognosis for returning to past work, as well as the December 2020 and April 2021 forms, which limited Plaintiff to working four hours per day.[3] AR at 496, 499-500, 1538, 1541. The ALJ noted these opinions were based on the February 2017 injury, after which Plaintiff returned to his past work through June 2019. *Id.* at 38.

In a progress noted dated March 24, 2021, Dr. Faiola described information he received from an L&I investigation. AR at 643. Dr. Faiola watched "countless" surveillance video clips, two of which showed an antalgic gait and behavior consistent with Plaintiff's reported pain. *Id.* In the remaining videos, however, the "ease with which [Dr. Faiola saw] him move" belied any disability. *Id.* Additional evidence indicated that Plaintiff had been "working as an agriculture instructor, doing hands on seminars for up to 10 hours daily," "driven substantial distances," and flown to Korea twice and Hawaii once. *Id.* Dr. Faiola stated that during the L&I proceedings, he "argued as best [he] could in [his] patient's interests" for Plaintiff to be expected to work four hours per day during the first month, six hours per day in the second month, and to return to full time work thereafter. *Id.*

Plaintiff does not contest that the L&I evidence is a valid reason for the ALJ to reject Dr. Faiola's earlier opinions. Instead, Plaintiff argues that the videos are not part of the record, and therefore the ALJ erred by relying on them. (Dkt. # 10 at 3.) The ALJ relied on Dr. Faiola's observation and description of the videos and his consequent change in opinion. *See* AR at 37. Plaintiff offers no reason why Dr. Faiola's observations based on video footage should be ignored any more than his observations in person. Moreover, evidence in Social Security

---

[3] Plaintiff also cites Dr. Faiola's September 2021 note referencing "permanent functional limitations." AR at 1775. Plaintiff fails to identify any error, however, as the RFC contains several functional limitations. *See id.* at 22.

ORDER - 4

proceedings does not need to comply with, for example, the Federal Rules of Evidence, and thus, can include hearsay. *See* 20 C.F.R. § 404.950 ("[T]he administrative law judge may receive any evidence at the hearing that he or she believes is material to the issues, even though the evidence would not be admissible in court under the rules of evidence used by the court."). Plaintiff has not explained why the L&I evidence is not material or should not be considered reliable. The Court notes Plaintiff has offered no evidence to counter the L&I material at any stage of these proceedings, including before the Appeals Council or this Court.[4]

The Court concludes that the L&I evidence demonstrating that Plaintiff's activities were inconsistent with Dr. Faiola's opinions constitutes a valid reason for the ALJ to reject those opinions. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Because the ALJ provided at least one valid reason, the Court need not address the ALJ's other reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless due to remaining valid reasons).

    2.    William W. Linnenkohl, MPT

Between December 2019 and May 2021, Mr. Linnenkohl issued several opinions stating that Plaintiff could only work three to four hours per day, stand or walk for 15 minutes at a time, sit for 20 minutes at a time, and had bilateral limitations on reaching, grasping, and fine manipulation. AR at 489-93, 615, 1611, 1615, 1632. The ALJ found these opinions supported by Mr. Linnenkohl's examinations but inconsistent with the record as a whole, which showed normal gait, normal hand strength, and no limitations in the left arm. *Id.* at 35-36. Additionally,

---

[4] The record indicates Plaintiff received the videos from Dr. Faiola on April 1, 2021. *See* AR at 641.

the ALJ cited evidence from L&I indicating that Plaintiff taught agricultural techniques for up to 10 hours daily and was able to sit for several hours during three long-distance flights. *Id.* at 36.

Plaintiff contends the L&I investigation is not part of the record. (Dkt. # 10 at 6.) As discussed above, however, Dr. Faiola's description of the L&I evidence is in the record. Plaintiff offers no reason why Dr. Faiola's description should not be considered reliable.

Plaintiff also argues that the evidence the ALJ relied on is not "comparable" to Mr. Linnenkohl's "testing-based" assessments. (Dkt. # 10 at 6.) There is no requirement that contradictory evidence to be of the same type. For example, taking an airplane trip objectively demonstrates Plaintiff's ability to sit for extended periods. The ALJ was permitted to compare and weigh this evidence against Mr. Linnenkohl's test results. Accordingly, Plaintiff's activities—such as taking long airplane flights and teaching for 10 hours per day—are sufficient to discount an opinion inconsistent with those activities. *See Ghanim*, 763 F.3d at 1162. The ALJ did not err by discounting Mr. Linnenkohl's opinions.

### 3. Colm O'Riordan, M.D., and Kelvin Ma, M.D.

Drs. O'Riordan and Ma examined Plaintiff on June 4, 2019, and opined that his only work restrictions were no repetitive lifting, bending, pulling, or pushing over 50 pounds. AR at 445. Plaintiff argues that they also opined he would require "additional treatment" before returning to work. (Dkt. # 10 at 6.) While Drs. O'Riordan and Ma agreed that Plaintiff should undergo a "biceps tenodesis" procedure and receive lumbosacral epidural injections, as recommended by his providers,[5] nothing in their report indicated that their opinion was a future, rather than present, assessment. AR at 446. The ALJ reasonably credited the limitations

---

[5] The record indicates Plaintiff had the biceps tenodesis procedure on June 18, 2019, and epidural steroid injections on August 9, 2019. *See* AR at 599. The Court notes the ALJ listed biceps tenodesis as one of Plaintiff's impairments. *Id.* at 20.

expressed by these physicians, and Plaintiff has not demonstrated that the ALJ erred in evaluating their opinion.

        4.      *Mario E. Porras, M.D.*

In September 2020, Dr. Porras examined Plaintiff and reviewed his records. AR at 598. He noted Plaintiff had undergone a functional capacity evaluation with Mr. Linnenkohl on December 9, 2019, where "[i]t was noted that [Plaintiff] can no longer function in his position as a truck driver or heavy equipment operator." AR at 599; *see id.* at 614-15. Dr. Porras summarized the evaluation as follows:

> The client presently only qualifies for part-time work three hours in an eight-hour day. The client does not work qualify for the following job analysis: His job of injury [which] is tractor trailer truck driver as he cannot tolerate constant sitting or lifting up to 50 pounds or pushing or pulling up to 100 pounds. He cannot do heavy equipment operator. He cannot do outside deliverer. He cannot do commercial truck driver. Recommended he has a course of PT for his low back for four to six weeks followed by work conditioning to build up his endurance and stamina for four to six weeks.

*Id.* at 606.

In his conclusion, Dr. Porras opined that Plaintiff exhibited "significant symptom magnification and appears . . . more incapacitated" than the objective evidence supported. AR at 610. He explicitly referred to the functional capacity evaluation and stated that his "findings are in concurrence with the determination of the evaluation summary." *Id.* Specifically, Dr. Porras concluded that Plaintiff could not return to his past work "because of his inability to tolerate constant sitting or lifting up to 50 pounds." *Id.* The ALJ accepted Dr. Porras's opinion. *Id.* at 36.

Plaintiff contends Dr. Porras adopted the entire functional capacity evaluation, including the restriction to part-time work, and that the ALJ erred by not considering this aspect of the opinion. (Dkt. # 10 at 7.) The Commissioner argues that the ALJ properly found Dr. Porras endorsed only the limitations explicitly reflected in his conclusion, namely, the prohibition on

ORDER - 7

constant sitting and lifting up to 50 pounds. (Dkt. # 14 at 10.) Although both interpretations may be reasonable, the ALJ's determination must be upheld. *See Smartt*, 53 F.4th at 494-95. Moreover, even if Dr. Porras had adopted the limitation to part-time work, the ALJ provided valid reasons to reject that limitation, as discussed above. Plaintiff fails to show any error in the ALJ's assessment of Dr. Porras's opinion.

    5. *Derek Leinenbach, M.D.*

Dr. Leinenbach examined Plaintiff and opined that he could perform light work full time, standing or walking up to six hours per day, with limited right-sided reaching. AR at 637. The first page of his report "was removed as an exhibit by the Appeals Council because it does not refer to the claimant." *Id.* at 635 (capitalization omitted). The ALJ found Dr. Leinenbach's opinion persuasive. *Id.* at 36-37.

Plaintiff argues that the ALJ erred in accepting Dr. Leinenbach's opinion because the first page of his report is missing and there is no evidence that he reviewed Mr. Linnenkohl's reports. (Dkt. # 10 at 8.) An ALJ is required to assess the opinions of all medical sources, whether reviewing, examining, or treating. *See* 20 C.F.R. § 404.1520c(a). There is no requirement that an examining medical source review the entire record. Despite the missing first page, Dr. Leinenbach's full examination findings, diagnoses, and functional assessment are included in the record. AR at 636-37. Plaintiff fails to show that the ALJ harmfully erred in accepting Dr. Leinenbach's opinion.

    6. *Reginald Adkisson, Ph.D.; State Agency Opinions; Other Evidence*

Plaintiff argues that the ALJ erred in rejecting Dr. Adkisson's opinion because the opinion is consistent with his findings and Plaintiff's testimony. (Dkt. # 10 at 8.) However, mere disagreement with the ALJ's findings does not establish any error.

ORDER - 8

Plaintiff then summarizes several clinical findings and concludes they are "reasonably consistent with" his testimony. (Dkt. # 10 at 8-10.) Plaintiff also contends the ALJ erred in finding the State agency medical consultants' opinions persuasive to the extent they are inconsistent with the findings and opinions of Dr. Faiola, Mr. Linnenkohl, and unspecified treatment providers. (*Id.* at 10.) These unsupported statements are insufficient to constitute a reasoned argument. A party must present "contentions . . . accompanied by reasons" and "a bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003). The Court will not "manufacture arguments where none is presented." *Id.* at 929. Consequently, Plaintiff has not demonstrated any error in the ALJ's assessment.

### B. The ALJ Did Not Err in Assessing Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff argues that the ALJ erred by rejecting his testimony partly based on the L&I videos that were not part of the record. (Dkt. # 10 at 12.) As discussed above, the ALJ did not err by considering Dr. Faiola's descriptions of the videos.

Plaintiff also contends the ALJ did not identify any meaningful inconsistencies. (Dkt. # 10 at 11.) The record reflects otherwise, however. The ALJ reasonably found that the L&I videos and other evidence described by Dr. Faiola, showing activities far exceeding Plaintiff's

ORDER - 9

testimony, provided a sufficient basis to discount Plaintiff's testimony. AR at 31. The ALJ also noted extensive additional inconsistencies. For example, in March 2022, Plaintiff attempted to replace a van door spring. Although he was injured, the attempt is inconsistent with his testimony that he could apply essentially no force with his right arm. *Id.* at 32 (citing *id.* at 820). Around the same time, Plaintiff reported pruning trees for a couple hours per day, which, although it left him in pain, would not be possible without using his arm more than he testified he could. *Id.* (citing *id.* at 1769). These discrepancies between Plaintiff's testimony and his conduct were a sufficient reason to discount his testimony. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

### C. The ALJ Did Not Err in Assessing the Lay Witness Statement

The ALJ considered Plaintiff's mother's lay witness statement but rejected any additional limitations beyond those already incorporated into the RFC. AR at 38. Plaintiff's mother's statement did not describe any limitations beyond what Plaintiff testified to. *See id.* at 517-21. The ALJ reasonably discounted Plaintiff's testimony, as discussed above. Accordingly, the ALJ did not err in discounting his mother's lay witness statement. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (where an ALJ gave valid reasons for rejecting the claimant's testimony, those reasons are sufficient to discount similar testimony by a lay witness).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 22nd day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10